UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRIAN MAHONEY,                         )
                                       )
         Petitioner,                   )
                                       )
    v.                                 )    C.A. No. 13-11094-NMG
                                       )
UNITED STATES OF AMERICA,              )
                                       )
         Respondent.                   )

## MEMORANDUM AND ORDER

For the reasons set forth below, the Court construes this action as seeking habeas relief pursuant to 28 U.S.C. § 2241 and denies the petition without prejudice and without payment of the filing fee.

## BACKGROUND

Before the Court is Brian Mahoney's self-prepared pleading titled "petition to be released on personal recognizes." The "petition" is accompanied by two motions for appointment of counsel. Petitioner did not pay the $5.00 filing fee or file a fee-waiver application.[1]

Petitioner is detained at FMC Devens in Ayer, Massachusetts and a search of this Court's records reveals that he is not a party to any action in the District of Massachusetts other than

---

[1] Ordinarily, a petitioner will be granted additional time to comply with the filing fee requirements. However, for the reasons set forth below, the petition is subject to dismissal without prejudice.

the instant action. A search of PACER (Public Access to Court Electronic Records) reveals that he is a defendant in a criminal matter now pending in the District of New Hampshire. See United States v. Mahoney, C.R. No. 11-00006. In 2011, a federal grand jury indicted Mahoney for failing to register as a sex offender, as required by the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a). Id. Mahoney is represented by counsel in the criminal proceeding and there is an outstanding issue of whether he is competent to stand trial.

In the instant petition, Mahoney challenges the constitutionality of the Adam Walsh Amendments to the Bail Reform Act of 1984, 18 U.S.C. § 3242(e)(1)(B). See Pet., ¶ 2. Mahoney complains that the trial judge ordered him to remain in custody [for purposes of undergoing a risk assessment pursuant to the provision of 18 U.S.C. § 4246] and that he was "not allowed to call any witnesses on [his] behalf or to present evidence." Id. at ¶ 13. He further complains that out of the "three attorney's (sic) that [he] received[,] not one filed a bail petition with the District of New Hampshire." Id. at ¶ 18. For relief, he asks the Court to grant his "petition to be released on bail." Id. at ¶ 19.

## REVIEW

As best can be gleaned from the petition, Mahoney is seeking a writ of habeas corpus that would cause him to be released from

pretrial detention. Although the petition alleges that Mahoney's constitutional rights have been violated, the petition fails to provide any legal authority to support his request for relief.

The Court will review the petition pursuant to 28 U.S.C. § 2241. Under Rule 4(b) of the Rules Governing § 2254 cases, the Court is required to examine a habeas petition, and if it "plainly appears from the face of the motion...that the movant is not entitled to relief in the district court," the court "shall make an order for its summary dismissal." Rule 4(b). See McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. See 28 U.S.C. § 2243. Rule 4(b) and any other of the Rules Governing § 2254 Cases may be applied to any other habeas corpus petitions, (i.e., Section 2241 petitions), at the discretion of the district court. See Rule 1(b) of the Rules Governing § 2254 Cases.

## DISCUSSION

Although Mahoney's petition is reviewed under Section 2241, the claims he asserts cannot be raised in a habeas petition. It is well-settled that a federal pretrial detainee cannot use a habeas corpus petition to challenge the proceedings in a pending federal criminal case. Falcon v. U.S. Bureau of Prisons, 52 F.3d

3

137, 139 (7th Cir. 1995); <u>Whitmer v. Levi</u>, No. 07-4823, 276 Fed.Appx. 217, 218-19 (3rd Cir. 2008) (unpublished opinion); <u>Hall v. Pratt</u>, No. 03-1387) 97 Fed. Appx. 246, 247-48 (10th Cir. 2004) (unpublished opinion).

For almost one hundred years, it has been well settled that, in absence of exceptional circumstances in criminal cases, the regular judicial procedure should be followed, and habeas corpus should not be granted in advance of a trial.  <u>Bens v. United States</u>, 266 F. 152, 155 (2d Cir. 1920) (citing <u>Jones v. Perkins</u>, 245 U.S. 390, 391 (1918)).  Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."  <u>Whitmer</u>, 276 Fed. Appx. at 219.

Mahoney cannot use a petition for writ of habeas corpus to circumvent or interfere with the authority of the presiding judge in his criminal case without showing extraordinary circumstances that would allow him to by-pass the normal procedures for raising his purported claims.  This he failed to do and therefore Section 2241 relief is not available.

ORDER

For the reasons set forth above, the petition is dismissed without prejudice and without payment of the filing fee.  The Clerk shall mail copies of this Memorandum and Order to

4

Petitioner and to Petitioner's defense counsel in New Hampshire.

SO ORDERED.

June 17, 2013            /s/ Nathaniel M. Gorton
DATE                     NATHANIEL M. GORTON
                         UNITED STATES DISTRICT JUDGE